**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD., as subrogee of NNR Global Logistics USA Inc., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____<br>) |
| ALL NIPPON AIRWAYS CO., LTD., | )<br>) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff Mitsui Sumitomo Insurance Co., Ltd., as subrogee of NNR Global Logistics USA Inc., states its complaint against defendant All Nippon Airways Co., Ltd. as follows:

### **The Parties**

1. Mitsui Sumitomo Insurance Co., Ltd. ("Mitsui") is a Japanese corporation. It is the insurer of the cargo that is the subject matter of this complaint and subrogated to the rights of NNR Global Logistics USA Inc. with respect thereto. Mitsui's third-party administrator in the United States is Mitsui Sumitomo Marine Management (U.S.A.), Inc., a New York corporation with its principal place of business in New York, New York, and duly registered as a foreign corporation authorized to do business in Illinois.

2. All Nippon Airways Co., Ltd. ("ANA") is, upon information and belief, a foreign corporation incorporated in Japan, with its principal place of business in Tokyo, Japan. ANA is registered to do business in the State of Illinois, regularly conducts business in this State, has a registered agent located in this State and has an office located at O'Hare International

Airport, Building 630 Cargo Access Road, Chicago, Illinois 60666. At all relevant times herein, ANA was engaged in the business of cargo transportation by aircraft. ANA was the air carrier of the cargo that is the subject of this complaint from O'Hare International Airport in Illinois to Narita International Airport in Japan under air waybill number STL50032402 (the "Air Waybill"). A true and correct copy of the Air Waybill is attached hereto as Exhibit 1.

## Jurisdiction

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Convention for the Unification of Certain Rules for International carriage by Air, at Montreal, May 28, 1999, ICAO Doc. 9740, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) (the "Montreal Convention"), as more fully appears below.

## Venue

4. Venue is appropriate in this district pursuant to Article 33, subsection 1 of the Montreal Convention because the contract of carriage was made through ANA's office located within this district. Venue is also appropriate here pursuant to 28 U.S.C. § 1391(b)(1) because ANA is a resident of Illinois for venue purposes since it is subject to the Court's personal jurisdiction with respect to this lawsuit pursuant to 735 ILCS 5/2-209(a)(1) because it regularly transacts business within Illinois.

## Background Facts

5. On or about October 13, 2016, World Wide Technology Inc. shipped telecommunications equipment from Edwardsville, Illinois to consignee WWT Japan GK c/o Morgan Stanley Japan Group Co. Ltd. in Tokyo, Japan.

2

6. ANA received the telecommunications equipment in good order and condition, properly packaged in standard shipping cartons used by the industry for this purpose.

7. ANA carried the telecommunications equipment from O'Hare International Airport to Narita International Airport under the Air Waybill (Exhibit 1).

8. The projectors were unloaded at Narita International Airport on or about October 14, 2016. Upon unloading, it was noted that the packaging for the telecommunications equipment had sustained visible physical damage during international carriage, and that half of the telecommunications equipment itself suffered damage while in ANA's custody and under its control.

9. The damaged telecommunications, weighing 375 kilograms, were a total loss, amounting to $9,828.75 in damages.

10. NNR Global Logistics USA Inc., as the logistical service provider for the shipment in question, was put on notice of this claim for the cargo damage on or about November 14, 2016 from World Wide Technology Inc. NNR Global Logistics USA Inc. paid World Wide Technology Inc. $9,828.75 on or about October 11, 2017 and became assigned to all of its rights and remedies as a matter of law. On or about November 11, 2017, Mitsui paid NNR Global Logistics USA Inc. $9,828.75 and became subrogated to all of its rights and remedies as a matter of law.

11. ANA was timely put on notice of this claim for the cargo damage on October 19, 2016 by NNR Global Logistics USA Inc. Mitsui, by its third-party administrator and agent Mitsui Sumitomo Marine Management (U.S.A.), Inc., submitted a detailed claim package to ANA on April 4, 2018. Upon information and belief, the claim remains pending with ANA.

12. By reason of the foregoing, ANA was or acted as a direct and/or indirect carrier of cargo by air in international transportation for hire or agents of such direct or indirect carrier within the meaning of the Montreal Convention and breached its duties thereunder and under the contract of carriage entered into pursuant to the Montreal Convention.

13. ANA agreed to safely transport the telecommunications equipment from Illinois to Japan in exchange for monetary consideration, pursuant to the Air Waybill.

14. ANA was duly delivered the telecommunications equipment at the airport of departure in Chicago, Illinois in good order and condition.

15. ANA received the telecommunications equipment in Chicago, Illinois in good order and condition and undertook to perform the carriage thereof to Tokyo, Japan and deliver the same in accordance with the Air Waybill in the same good order and condition as received.

16. The Air Waybill was made pursuant to and in accordance with the provisions of the Montreal Convention which establishes the rights and obligations of the parties hereto.

17. In violation of the aforementioned agreement, the Air Waybill and the Montreal Convention, ANA failed to deliver half of the telecommunications equipment in good order and condition to the consignee.

18. By reason of ANA's breach of its duties and obligations, Mitsui has been damaged in the amount of $9,828.75, plus interest and costs.

19. For breach of its duties and obligations under the Montreal Convention, ANA is strictly liable for the damages suffered by Mitsui.

WHEREFORE, based on the foregoing, Mitsui Sumitomo Insurance Co., Ltd. respectfully requests this Court enter judgment in its favor and against All Nippon Airways Co., Ltd. in the amount of $9,828.75, plus interest and costs, and for such further relief as this Court deems just.

    Respectfully submitted,

    MITSUI SUMITOMO INSURANCE CO., LTD.,
    as subrogee of NNR Global Logistics USA Inc.

By: /s/ Brian P. O'Connor
    One of its attorneys

Paul J. Kozacky (ARDC #6188031)
Brian P. O'Connor (ARDC #6316866)
Nesko Radovic (ARDC #6327467)
KOZACKY WEITZEL MCGRATH, P.C.
55 West Monroe Street, Suite 2400
Chicago, Illinois 60603
(312) 696-0900
pkozacky@kwmlawyers.com
boconnor@kwmlawyers.com
nradovic@kwmlawyers.com